UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN COURTNEY,

    Plaintiff,

vs.

PRISON HEALTH SERVICES, et al.,

    Defendants.
_____/

Case No.
10-CV-14123

HON. MARK A. GOLDSMITH

## OPINION AND ORDER (1) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) OVERRULING PLAINTIFF'S OBJECTIONS, and (3) DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER

This is a pro se prisoner civil rights case. Plaintiff, an inmate at Lakeland Correctional Facility, alleges that his Eighth Amendment rights were violated because Defendants, prison health care providers, were deliberately indifferent to his serious medical needs.

Now before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Charles E. Binder, issued on February 28, 2011. The Magistrate Judge recommends that Plaintiff's motion for preliminary injunction or temporary restraining order be denied. Plaintiff has filed timely objections to the R&R. The Court reviews de novo those portions of the R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b). Having done so, the Court concludes that Magistrate Judge Binder correctly analyzed the issues presented and reached the proper result for the proper reasons.

The background facts are adequately summarized by the Magistrate Judge in his R&R and need not be repeated here. The Magistrate Judge concluded that Plaintiff's request for an injunction instructing Defendants not to destroy evidence or tamper with Plaintiff's medical records should be denied. The Magistrate Judge also concluded that Plaintiff's request for an injunction instructing

1

Defendants to provide him with medical care by a physician outside the prison setting should be denied. Plaintiff objects to both conclusions.

1. **An injunction instructing Defendants not to destroy evidence or tamper with Plaintiff's medical records would be improper.**

In his R&R, the Magistrate Judge correctly concluded that ordering Defendants to refrain from tampering with Plaintiff's medical records "would be nothing more than an injunction ordering Defendants to 'obey the law,' because federal evidentiary rules already impose on Defendants the duty to preserve evidence relative to Plaintiff's claims." R&R at 5. Since this requirement to follow the federal rules already exists, an injunction would add no additional obligation. Therefore, the "obey the law" injunction requested by Plaintiff, if issued, would be null and void. See R&R at 5 (citing, among other cases, Equal Emp't Oppor. Comm'n v. Wooster Brush Co. Emps. Relief Ass'n, 727 F.2d 566, 576 (6th Cir. 1984) ("obey the law" injunctions are improper)).

In his objections to the R&R, Plaintiff contends that Defendants' prior conduct gives rise to a special need for an injunction. The Court rejects this argument. Plaintiff claims that Defendants are known to employ a practice of intentionally obscuring and manipulating prisoner records to their benefit. In support of this theory, Plaintiff describes one incident in which medical files of another prisoner were accidentally placed in Plaintiff's records. Defendants admit that this was a mistake but state that it was promptly corrected and did not happen again. Plaintiff also points out that Defendant Harriet Squier, M.D., in her affidavit, mistakenly referred to Plaintiff as Brian Cameron, when his name is Brian Courtney. This is clearly a clerical error, and is not evidence of a conspiracy among Defendants. In any event, even if Plaintiff's unsubstantiated theories are believed, an injunction ordering Defendants to obey the law has no legal effect and is inappropriate.

**2. An injunction instructing Defendants to provide Plaintiff with medical care by an outside hospital or doctor is unwarranted.**

Plaintiff's main contention in support of his motion for an injunction ordering treatment by an outside party is that Defendants have been deliberately indifferent to his medical needs. Plaintiff recounts several instances when he feels that Defendants did not adequately treat his conditions. In response, Defendants rely on the affidavit of Dr. Squier, who testified that Plaintiff has been receiving ongoing medical treatment and that many of his claims are inconsistent with medical examinations conducted by Defendants. Plaintiff argues that the Magistrate Judge gave undue weight to Dr. Squier's affidavit, while glossing over Plaintiff's side of the story. However, even accepting Plaintiff's version of the story as true, he still has not demonstrated deliberate indifference on the part of Defendants. A showing of deliberate indifference requires that the health care provider's behavior surpass negligence and even medical malpractice, and approach wanton disregard for a prisoner's health. Estelle v. Gamble, 429 U.S. 97 (1976). Here, it is undisputed that Plaintiff continues to receive medical treatment from Defendants on a daily basis. Therefore, the deliberate indifference standard is not satisfied. As the Magistrate Judge correctly points out, the real issue is that Plaintiff disagrees with the manner and method of the treatment he has received. However, as the Magistrate Judge correctly determined, disagreement regarding adequacy of treatment between an incarcerated party and a prison health care provider has consistently been held insufficient to warrant injunctive relief. R&R at 7-8 (citing Kennedy v. Potter, 344 Fed. App'x 987 (5th Cir. 2009); White v. Goff, No. 09-3118, 2009 WL 3182972 (10th Cir. 2009)). As such, Plaintiff has not demonstrated a strong likelihood of success on the merits, as required in order to obtain an injunction.

For these reasons, in addition to those stated by the Magistrate Judge, it is ORDERED as follows:

(1) The Magistrate Judge's R&R [docket entry 40] is accepted and adopted as the findings and conclusions of the Court.

(2) Plaintiff's objections to the R&R are overruled.

(3) Plaintiff's motion for preliminary injunction or temporary restraining order [docket entry 16] is denied.

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

Dated:  April 22, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 22, 2011.

s/Deborah J. Goltz  
DEBORAH J. GOLTZ  
Case Manager
