UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN COURTNEY,

       Plaintiff,    Civil Action No.
                          10-CV-14123

vs.
                          HON. MARK A. GOLDSMITH

CINDY L. MURPHY, et al.,

       Defendants.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION and GRANTING THE SUMMARY JUDGMENT MOTION OF RAYMOND INGRAHAM AND HARRIET SQUIER**

    This is <u>pro se</u> civil rights case filed by Plaintiff Brian Courtney. Four defendants remain: (1) Cindy L. Murphy, (2) Karen R. Hamblin, (3) Raymond Ingraham, and (4) Harriet Squier. Defendants are all health care professionals who provided medical care to Plaintiff while in the custody of the Michigan Department of Corrections.

    Now before the Court are (1) the summary judgment motion of Defendants Ingraham and Squier, and (2) the Report and Recommendation (R&R) of Magistrate Judge Charles E. Binder, issued on August 6, 2012. The Magistrate Judge recommends that the defense motion be granted, and that the case be dismissed in its entirety with prejudice. Plaintiff has filed objections to the R&R. The Court reviews <u>de novo</u> those portions of the R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b).

    In his first objection, Plaintiff argues that the case should not be dismissed in its entirety, as the Magistrate Judge recommends, because Defendants Murphy and Hamblin have not moved for summary judgment and the claims against them remain. Plaintiff is

correct. There is no basis to dismiss the claims against Defendants Murphy and Hamblin.[1] Accordingly, Plaintiff's first objection is sustained; the claims against Defendants Murphy and Hamblin will proceed.

The remaining objections concern the Magistrate Judge's recommendation to grant the summary judgment motion of Defendants Ingraham and Squier. In his second objection, Plaintiff objects to the following statement contained in the R&R: "I note that Plaintiff has not alleged any permanent injury or damage due to the alleged failure of Defendants to provide the speedy testing, diagnosis and treatment Plaintiff desired." R&R at 7. Plaintiff cites Helling v. McKinney, 509 U.S. 25 (1993), for the proposition that he need not sustain physical injury to succeed on his deliberate indifference claim. In Helling, the Supreme Court reiterated that prisoners who prove unsafe prison conditions are entitled to an injunction without "await[ing] a tragic event." Id. at 33. Plaintiff here does not seek an injunction; he seeks monetary damages only. Therefore, Helling does not apply. In fact, recovery of monetary damages for deliberate indifference is statutorily barred absent a showing of physical injury. See 42 U.S.C. § 1997e(e). In any event, the Magistrate Judge's statement that Plaintiff has not alleged any damage from Defendants' actions is dicta and, therefore, not essential to his ultimate conclusion. Plaintiff's second objection is overruled.

In his third objection, Plaintiff asserts that the affidavits of Defendants Ingraham and Squier submitted in connection with this matter, see Dkts. 59-2, 59-3, 78-2, 78-3, are "misleading" and "fabricated." In his fourth and fifth objections, Plaintiff takes issue with the Magistrate Judge's conclusion that Defendant Ingraham did not violate the Eighth Amendment when he misdiagnosed Plaintiff with a hernia. The Court overrules these objections.

---

[1] In his R&R, the Magistrate Judge erroneously writes that Defendants Ingraham and Squire are the only remaining defendants. See R&R at 2.

In his own affidavits, see Dkts. 79, 82, Plaintiff takes issue with various portions of the affidavits of Defendants Ingraham and Squier. However, what is uncontroverted on this record is that Plaintiff received extensive and reasonably prompt medical treatment during the time period in question. This is adequately demonstrated by the uncontested portions of the affidavits of Defendants Ingraham and Squier, see Dkts. 59-2, 59-3, 78-2, 78-3, along with the voluminous medical documentation provided in the record. See Dkt. 19. As the Magistrate Judge concluded, and this Court agrees, Plaintiff admits "that he was seen by medical staff, treated by medical staff, prescribed medication, taken outside medical facilities, and provided with treatment." R&R at 9. Under the present circumstances where it is undisputed that Plaintiff received extensive medical treatment and that Plaintiff's requests for medical treatment were not denied or ignored, Plaintiff cannot sustain his deliberate indifference claim. See Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). For this reason alone, Plaintiff's deliberate indifference claims against Defendants Ingraham and Squier fail.

Plaintiff's various claims fail for other reasons, as well. Plaintiff claims that Defendant Ingraham violated the Eighth Amendment when he purportedly discontinued some of Plaintiff's medications without first reviewing his medical files, misdiagnosed Plaintiff with a condition – abdominal hernia – that he was subsequently found not to have, and failed to treat certain symptoms about which Plaintiff complained. Am. Compl. ¶¶ 18, 29-31. This is the extent of the allegations against Defendant Ingraham.

Plaintiff offers no evidence – other than entirely conclusory and self-serving statements in his affidavits – that Defendant Ingraham ordered the discontinuation of any of

3

Plaintiff's medications or provided inadequate treatment to Plaintiff. These allegations are expressly denied by Defendant Ingraham in his affidavit. There, Defendant Ingraham writes:

> Plaintiff contends I removed medication he was taking. This is obviously false as demonstrated above and in the records. While I did discuss discontinuing some medications that may have been causing him some GI distress, the only medication I changed was Motrin. I did this to give Plaintiff a medication that is effective but gentler on the digestive system.
>
> \* \* \* \*
>
> Plaintiff contends that he complained to me of a myriad of condition, including pitched nerve, bleeding ulcer, hypoglycemia, heart problems, and loss of consciousness. . . . This one visit was not for a complete check up, but was equivalent to an urgent care center visit. Plaintiff did have a host of complaints, but I focused on his chief complaint, which was GI related. I did review his [Plaintiff's] chart to understand what conditions he had that had been diagnosed and I reviewed the medications he was taking.
>
> \* \* \* \*
>
> I treated Plaintiff has I treat all patients. I did not purposefully ignore any sign or symptom brought to my attention. Instead, I in good faith tried to understand Plaintiff's complaints and respond to them in an appropriate manner.

Ingraham Aff. at ¶ 9 (Dkt. 59-3). The record does not contain evidence – other than non-specific and conclusory allegations – rebutting Ingraham's testimony.[2] In any event, even if Plaintiff's conclusory assertions are believed, Plaintiff has not demonstrated that Defendant Ingraham's actions constituted anything more than negligence or that he acted with a sufficiently culpable state of mind. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition

---

[2] In other words, Plaintiff says things like "Defendant Ingraham discontinued all medications without even looking at my medical charts or files," see Pl. Aff. ¶ 9 (Dkt. 79); however, Plaintiff does not specify how he knows this information. Although the statements are contained in an affidavit, they are ultimately inadmissible at trial as lacking in foundation and, therefore, insufficient to defeat summary judgment. See, e.g., Evans v. City of Chicago, 434 F.3d 916, 933 (7th Cir. 2006) ("[A]s this court has repeatedly held, the self-serving affidavit of a plaintiff is ipso facto, insufficient to create an issue of material fact."); Fanslow v. Chicago Manuf. Center, Inc., 384 F.3d 469, 483 (7th Cir. 2004) ("[A] plaintiff cannot defeat summary judgment by submitted a self-serving affidavit that contains the bald assertion of the general truth of a particular matter") (internal citations and quotations omitted).

4

does not state a valid claim of medical mistreatment under the Eighth Amendment."); Farmer v. Brennan, 511 U.S. 825, 837 (1994) (prison official acts with deliberate indifference when he or she acts with criminal recklessness by consciously disregarding a substantial risk of serious harm). To the extent Plaintiff's claims against Defendant Ingraham are premised on his disagreement with Defendant Ingraham's medical opinion, such claims are not cognizable under the Eighth Amendment. See Lewis v. McClennan, 7 F. App'x 373, 375 (6th Cir. 2001) ("A prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation.")

Plaintiff also claims that Defendant Ingraham misdiagnosed him with a hernia. In response, Defendant Ingraham admits that he may have "over diagnosed" Plaintiff, as subsequent examinations by other medical officials did not reveal a hernia. Ingraham Aff. ¶ 9 (Dkt. 59-3). Taking the facts in the light most favorable to Plaintiff, the Court concludes that the "over-diagnosis" amounts to negligence, at most, and does not amount to an Eighth Amendment violation.

Plaintiff also asserts that Defendant Squier was deliberately indifferent to his serious medical needs by providing Plaintiff with inadequate treatment. Specifically, Plaintiff alleges that his constitutional rights were violated by Defendant Squier when she failed to: (1) conduct tests for the bleeding in Plaintiff's stomach, (2) treat Plaintiff's heart condition, (3) "inquire[] into facts necessary to make a sound medical judgment regarding treatment for Plaintiff," Am. Compl. ¶ 21, and (4) remove incorrect medical information from Plaintiff's medical file, causing other doctors to rely on inaccurate information.[3] The Court finds each of these allegations to be unsupported by the record.

---

[3] In his motion papers, Plaintiff discusses additional actions by Defendant Squier that, according to Plaintiff, support his deliberate indifference claim. Because those additional actions are not referenced in the amended complaint, even reading it liberally, such additional conduct is not a part of this case.

5

With regard to the allegations related to Plaintiff's purported stomach bleeding and his purported heart condition, the evidence reflects that Plaintiff's complaints were not ignored; rather, Plaintiff's complaints were heard, investigated, and treated.  See Squier Aff. ¶¶ 40-41, 45, 47 (discussing treatment related to Plaintiff's stomach bleeding complaints); see id. at ¶¶ 20-22 (discussing treatment related to Plaintiff's heart-related complaints).  The treatment decisions made by Defendant Squier are explained in her affidavit.  That Plaintiff may disagree with the treatment ordered does not amount to cognizable Eighth Amendment claim.  See Lewis, 7 F. App'x at 375.

Regarding Plaintiff's third and final claim against Defendant Squier – that she allowed inaccurate information to remain in Plaintiff's medical file – the claim is entirely unsupported; even if Plaintiff's medical file contains inaccurate information, there is no evidence – aside from Plaintiff's conclusory and self-serving statements – demonstrating that Defendant Squier is in any way responsible for perpetuating the mistake.  She testified that changes cannot be made to an inmate's medical file after twenty-four hours of entry, even if information is entered in error.  Squier Aff. ¶ 54 (Dkt. 59-2); Supp. Squier Aff. ¶ 2 (Dkt. 78-3).  Therefore, she cannot be faulted for failing to correct the file, even assuming that she is the official who would be responsible for doing so.  In any event, she testified that she was not aware of any mistake in Plaintiff's file until after this litigation was commenced.  Supp. Squier Aff. ¶ 1.  Therefore, Plaintiff cannot show that Defendant Squier acted with a sufficiently culpable state of mind in purportedly allowing incorrect medical information to remain in Plaintiff's file.

Plaintiff's objections to the R&R are overruled, with the exception of his first objection, which is sustained.  The summary judgment motion of Defendants Ingraham and Squier (Dkt. 78) is granted.  This case will proceed as to the claims against Defendants Murphy and Hamblin only.

SO ORDERED.

Dated: September 11, 2012            s/Mark A. Goldsmith  
       Flint, Michigan             MARK A. GOLDSMITH  
                                     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 11, 2012.

                                       s/Deborah J. Goltz  
                                       DEBORAH J. GOLTZ  
                                       Case Manager