UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN COURTNEY,

       Plaintiff,                          Civil Action No.
                                                10-CV-14123

vs.

                                                HON. MARK A. GOLDSMITH

PRISON HEALTH SERVICES, et al.,

       Defendants.
_____/

**OPINION AND ORDER (1) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) OVERRULING PLAINTIFF'S OBJECTIONS, (3) DISMISSING THE CLAIMS AGAINST DEFENDANTS HAMBLIN AND MURPHY PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii), and (4) DISMISSING THE CASE**

On October 2, 2012, Magistrate Judge Charles E. Binder issued a Report and Recommendation ("R&R") recommending that the claims asserted in the amended complaint against the two remaining defendants in this case, Defendants Hamblin and Murphy, be sua sponte dismissed pursuant 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted. Plaintiff has filed objections to the R&R. The Court reviews de novo those portions of the R&R to which a specific objection has been made. Fed. R. Civ. P. 72(b).

This case originally involved numerous defendants; however, only two remain – Defendants Hamblin and Murphy. The background facts involving the two remaining defendants are summarized as follows.[1] On September 18, 2009, Plaintiff suffered a heart condition and was seen in the prison by a physician assistant, who indicated that Plaintiff required immediate hospitalization. Defendants Hamblin and Murphy did not, at that time,

---

[1] The background facts are gleaned from pages 2-4 of Plaintiff's amended complaint – the portion of the complaint dedicated to the allegations against Defendants Hamblin and Murphy. **Error! Main Document Only.**All factual allegations are taken as true for the present purposes. See Marks v. Newcourt Credit Group, Inc., 342 F.3d 444, 451-452 (6th Cir. 2003).

send Plaintiff to the hospital. Later on the same day, Plaintiff was seen by Defendants Hamblin and Murphy, complaining of severe chest pain. Defendants Hamblin and Murphy were instructed by a prison doctor to give Plaintiff certain medications and wait five minutes. When the medication did not relieve Plaintiff's symptoms, the prison doctor instructed Defendants Hamblin and Murphy to send Plaintiff to the hospital. However, Defendants Hamblin and Murphy would not do the necessary paperwork, which delayed Plaintiff's departure by well over an hour. Defendants Hamblin and Murphy instructed corrections officers that there was no hurry in getting Plaintiff to the hospital. When Plaintiff arrived at the hospital, hospital staff did not know why Plaintiff was there due to the failure to Defendants Hamblin and Murphy to complete the proper paperwork. Plaintiff was diagnosed at the hospital as having heart palpitations; however, x-rays and blood work did not reveal the cause of Plaintiff's chest pain and Plaintiff was released from the hospital. Some five days later, Plaintiff was again seen at the prison health center and, once again, sent to the hospital, where it was determined that Plaintiff had suffered a heart attack a week earlier. Following his return from the hospital on September 23, Plaintiff was given a bottle of "nitro" but no follow-up care was provided.

Boiled down, Plaintiff's sole issue with Defendants Hamblin and Murphy is that they purportedly took actions to delay his September 18 hospital trip. Plaintiff states in his amended complaint that the delay "caused further harm," but does not explain what harm the delay caused.

In his R&R, the Magistrate Judge made these observations regarding the viability of Plaintiff's allegations against Defendants Hamblin and Murphy:

> According to Plaintiff's own allegations, any delay in arriving at or being seen in the emergency room was of no consequence because Plaintiff was released without having any treatment done. Therefore, the delay was not even alleged to be harmful to Plaintiff. Although Plaintiff avers that he was later told that he suffered a heart attack during the time he was seen at the emergency room, this result (presumed to be truthful for purposes of this motion) allegedly took

> place in the emergency room, a place neither occupied nor controlled by Defendants Murphy and Hamblin. Since Plaintiff has not and cannot allege "an affirmative link between the injury and the conduct of" Defendants Murphy or Hamblin, I suggest that he has failed to state a claim against either of them. [Rizzo v. Goode, 423 U.S. 362, 371-72 (1976) (a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant)].
>
> Moreover, I suggest that, based upon the applicable law, Plaintiff's averments fail to state a claim for any constitutional violation as they allege not a deliberate failure to treat, but only his disagreement with the way he was treated; thus, at most, negligence or malpractice. See Estate of Henson v. Krajca, 440 Fed. App'x 341, 346-47 (5th Cir. 2011) ("Nurse Krajca's failure to order Henson's transport to the hospital immediately after receiving notice of his elevated vital signs is in the category of malpractice, not deliberate indifference"); Rosenblum v. Akanne, No. 2:07-cv-01176-PMP-GWF, 2009 WL 63771, at *4 (E.D. Ca. Jan. 8, 2009) (dismissing complaint for failure to state a claim under the Eighth Amendment where the plaintiff alleged that the defendants failed to test, diagnose, and send him to a cardiac specialist despite his heart palpitations, increased heart rate, irregular beats, and claim that chest pain caused irreparable damage to his heart where plaintiff was examined by defendants on several occasions in an attempt to treat his medical condition).

R&R at 8-9 (record citation omitted).

The Court agrees entirely with the Magistrate Judge's analysis, and concludes – as did the Magistrate Judge – that Plaintiff's claims against Defendants Hamblin and Murphy are subject to sua sponte dismissal under § 1915(e)(2)(B)(ii).

Plaintiff urges a contrary result in his objections. The Court has reviewed each of Plaintiff's nine objections and does not find any of them persuasive. In particular, the Court notes the following:

- While Plaintiff states that the delay in treatment had a "detrimental effect," nowhere does he elaborate. Plaintiff's allegations reflect that, when he arrived at the hospital immediately following the delay, he was discharged shortly thereafter when testing revealed nothing wrong. Thus, it is entirely unclear and unexplained how the delay allegedly caused by Defendants Hamblin and Murphy in anyway harmed Plaintiff in a manner sufficient to give rise to a claim under the Eighth Amendment.

- While Plaintiff complains that he received no follow-up care following his discharge from the hospital on September 18, he does not allege that Defendants Hamblin and Murphy were the ones responsible for providing such care or that they had authority to provide such care.

- <u>Hill v. Marshall</u>, 962 F.2d 1209 (6th Cir. 1992), a case cited by Plaintiff in his objections, is not controlling here.  The plaintiff in <u>Hill</u>, a prison inmate who tested positive for tuberculin bacteria but did not have active tuberculosis, was deprived of medication that he needed in order to prevent onset of active tuberculosis.  The defendant, a prison official, admitted that he knew of the problems that the plaintiff and his fellow inmates were having in properly obtaining their medicine, but took virtually no steps to correct the situation.  The Sixth Circuit concluded, among other things, that these circumstances give rise to an Eighth Amendment claim.  The kind of conduct alleged in the present case, even accepted as true, is not comparable to the conduct at issue in <u>Hill</u>.

For all these reasons, the Magistrate Judge's R&R is accepted and adopted as the findings and conclusions of the Court, the claims against Defendants Hamblin and Murphy are sua sponte dismissed under § 1915(e)(2)(B)(ii), Plaintiff's objections to the R&R are overruled, and this case is dismissed.

SO ORDERED.

Dated:  October 29, 2012         s/Mark A. Goldsmith
Flint, Michigan                  MARK A. GOLDSMITH
                                 United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 29, 2012.

                                 s/Deborah J. Goltz
                                 DEBORAH J. GOLTZ
                                 Case Manager